# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COLIN B. WILLIAMS, JR., | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-17-1152 |
| DETECTIVE P. McCLARIN, STATE OF MARYLAND, COMMISSIONER JAIME PLUNKERT, | * * | |
| Defendants | * | |

***

## MEMORANDUM

Colin B. Williams is a pretrial detainee at the Baltimore County Detention Center in Towson, Maryland. On April 26, 2017, he filed this civil rights action pursuant to 42 U.S.C. §1983 (ECF 1), with a Motion to Proceed in Forma Pauperis. *Id.* at 5-6. The Motion will be granted for the purpose of preliminary review.

Williams alleges that defendant Detective McClarin misrepresented witness statements in the affidavit he executed when he applied for the statement of charges. ECF 1 at 2. According to Williams, defendant Commissioner Plunkett "abandoned" her duties when she concluded there was probable cause to issue a warrant for his arrest. *Id.* at 3. Williams asks in this complaint for appointment of counsel, an order compelling the State of Maryland to provide the statement of charges against him, and $1,000.00 for each day that he has been detained, deprived of liberties, and subjected to involuntary servitude and punishment. *Id.* at 3-4.

The complaint is based on claims and allegations similar to those Williams presented in *Williams v. State of Maryland*, ELH-17-1058 (D. Md.), which was dismissed without prejudice on April 21, 2016, for failure to state a claim upon which relief may be granted. In that case, as

here, I take judicial notice of the Maryland Judiciary Casesearch website which shows Williams is charged in the Circuit Court for Baltimore County in case number 03K16004785 with attempted first-degree murder, first-degree assault, reckless endangerment, and possession of a firearm by a felon. Trial is scheduled to begin on June 26, 2017, and Williams is represented by counsel. *See* http://casesearch.courts.state.md.us/casesearch/ inquiryDetail.jis?caseId=03K1 600 4785&loc=55&detailLoc=K (last visited April 28, 2017).

## DISCUSSION

A district court must dismiss a complaint filed by inmate who is proceeding in forma pauperis if it is frivolous or malicious or fails to state a claim. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); *see Michau v. Charleston County.*, S.C., 434 F.3d 725,728 (4th Cir. 2006). Although a self-represented plaintiff's pleadings are liberally construed to allow the development of a potentially meritorious case, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the complaint must articulate facts that, when accepted as true, demonstrate a claim to relief that is plausible on its face. *See Weller v. Dep't of Social Services. for City of Baltimore.,* 901 F.2d 387, 391 (4th Cir. 1990) (dismissing pro se complaint that fails to allege any factual basis for the claims); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678: *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Williams's claims will be dismissed under this standard.

Williams's claims against the State of Maryland are barred under the Eleventh Amendment, which provides that "a State cannot be sued directly in its own name regardless of

the relief sought," absent consent or permissible congressional abrogation. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, (1996); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 101–02 (1984). The State of Maryland has not waived immunity under the Eleventh Amendment to suit in federal court under the circumstances attendant here. For this reason, Williams's claims against the State of Maryland are barred under the Eleventh Amendment.

Moreover, unless extraordinary circumstances are presented, which is not the case here, federal courts do not interfere with pending state criminal proceedings, because state courts are capable of deciding federal and constitutional issues without interference by federal courts. *See Robinson v. Thomas,* \_\_\_\_ F.3d \_\_\_\_, 2017 WL 1506327, at \*6 (4th Cir. April 27, 2017) (quoting *Younger v. Harris*, 401 U.S. 37, 41 (1971)); *see Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Federal district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims could be presented in the ongoing state judicial proceeding. *See Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52-53 (4th Cir. 1989).

Abstention is appropriate in cases where (1) there is an on-going state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state case. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008) (internal quotation marks omitted). All three elements of that test are satisfied here. Williams's criminal proceeding is ongoing in the Circuit Court for Baltimore County; the State of Maryland has an important interest in maintaining the efficient operation of its criminal justice system, without undue federal interference; and Williams may raise his concerns about the charges against him in State court. If Williams intends to attack the

3

criminal charges against him, he must challenge their legitimacy in his State criminal proceeding. *See, e.g., Ballenger v. Owens*, 352 F.3d 842, 845-46 (4th Cir. 2003).

Last, Williams is cautioned that further filings which fail to state a claim on which relief may be granted may subject him to the "three strikes" rule at 28 U.S.C. § 1915(g). It provides that a prisoner litigant will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## CONCLUSION

The court will dismiss the complaint, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §1915. A separate Order shall be entered with this Memorandum.

April 28, 2017 _____/s/_____
Date Ellen L. Hollander
United States District Judge